OPINION
Defendant-appellant, William Guthrie, Jr., appeals the judgment entered against him in the Youngstown Municipal Court, Small Claims Division, in the amount of $1,750.00.
Appellant is the president and one of three shareholders of Select Manufacturing, Inc. Appellant entered into a contract with appellee, C. Pat McCready, to repair the roof of the corporation's building located at 250 East Indianola Avenue, Youngstown, Ohio. The repairs totaled $3,500 of which $1,750 was paid. Appellee filed suit against appellant to collect the balance owed.
Appellant claims that he entered into the contract with appellee on behalf of the corporation and never personally guaranteed the contract.
On December 28, 1998, the magistrate entered judgment against appellant in the amount of $1,750.00. Appellant filed an objection to the magistrate's decision on January 14, 1999, alleging that the decision was contrary to law because it held him responsible for the corporation's debt. The trial court overruled appellant's objections and requests on January 29, 1999. It is from this judgment that appellant filed his notice of appeal on March 1, 1999.
Appellant's sole assignment of error states:
 "THE YOUNGSTOWN MUNICIPAL COURT ERRED IN ITS DECISION TO FIND WILLIAM GUTHRIE, JR., A SHAREHOLDER, PERSONALLY LIABLE FOR A DEBT OF THE CORPORATION, SELECT MANUFACTURING, INC."
Appellant argues that he should not be held personally liable on the contract with appellee because it is a debt of the corporation, Select Manufacturing, Inc. He asserts that there is no evidence to suggest that he should be held personally liable. Appellant further claims that the evidence was insufficient to establish that the corporate veil had been pierced.
As the party asserting error, it is well recognized that appellant bears the burden of affirmatively demonstrating error by reference to matters in the record. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. See, also, App.R. 16(A) (7). In this case, appellant essentially is arguing that the trial court's decision was not supported by the evidence or was against the manifest weight of the evidence. App.R. 9(B) states in part that "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." Appellant has failed to supply this court with a transcript of the proceedings before the county court or, alternatively, a statement pursuant to App.R. 9(C) or (D). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp, 61 Ohio St.2d at 199. See, also, Struthers v. Harshbarger (Dec. 27, 1999), Mahoning App. No. 98 CA 253, unreported, 1999 WL 1279152.
Appellant states in his brief that the trial court advised him that there was no transcript available. This assertion is unsupported by the record. In appellant's objection to the magistrate's decision of January 14, 1999, he does not request a transcript. In the trial court's judgment entry of January 29, 1999, it states that appellant requested the magistrate's findings of fact but that it was not requested in a timely manner as required by Civ.R. 52. Furthermore, the trial court found that appellant's objections lacked specificity and that appellant did not request a transcript as required by Civ.R. 53. Nowhere does the trial court suggest to appellant that there is no transcript available.
Appellant has not provided this court with a transcript or either of the alternatives to a transcript. Since appellant's assignment of error is dependent upon the evidence presented below, we have no means of evaluating his assignment of error. Accordingly, the decision of the trial court is hereby affirmed.
Vukovich, J., concurs. Waite, J., concurs.
 _____________________ Gene Donofrio, Judge